**Louis M. PRAGER, Bruce S. Prager, Glenn B. Prager, et al., Plaintiffs-Appellants,**

v.

**EL PASO NATIONAL BANK et al., Defendants-Appellees.**

No. 27217.

United States Court of Appeals Fifth Circuit.

Oct. 15, 1969.

E. Byron Singleton, Amarillo, Tex., Lake J. Frazier, Frazier, Cusack & Schnedar, Roswell, N. M., for appellants Louis M. Prager, Bruce S. Prager, Glenn B. Prager, Empire Realty, Inc., a corporation, and Great Western Printing Company, Inc., a corporation.

W. A. Thurmond, William Duncan, Kemp, Smith, White, Duncan & Hammond, El Paso, Tex., for appellees called Bandy, Duncan & Davis.

Before JOHN R. BROWN, Chief Judge, and DYER, Circuit Judge, and HUNTER, District Judge.

PER CURIAM:

Discerning as best we can from the illegible, sometimes unintelligible complaint and equally unrevealing briefs filed in this case, we agree with the Trial Court's action in dismissing Appellants' cause even under the liberal rules of Conley v. Gibson, 1957, 355 U.S. 41,

---

78 S.Ct. 99, 2 L.Ed.2d 80; Pred v. Board of Public Instruction, 5 Cir. 1969, 415 F.2d 851 [No. 26576, Sept. 9, 1969]; and Barber v. M/V "Blue Cat," 5 Cir., 1967, 372 F.2d 626, 1967 AMC 1926.

Having deeply delved into the complaint to divine what is complained of, we arrive at the conclusion that two basic allegations were made by Appellants. One is that Appellees were guilty of wrongful, malicious prosecution by their suits against Appellants in New Mexico State Court. The other deals with the internal workings of a close corporation and the conduct of its directors, shareholders, and employees.

Three points were raised on appeal by Appellees: lack of jurisdiction, res judicata, and failure to state a claim. We agree with the second contention and affirm.

The judgment claimed as a bar was in the New Mexico suit previously mentioned (the subject of the malicious prosecution claim). It dealt with the same matters which Appellants sought to assert in the Federal District Court between the same parties. It resulted in a final judgment essentially against Appellants. The fact that the judgment is now on appeal to the New Mexico Supreme Court (where it remains undecided) has no effect on its absolute effect as a bar.

Of course, if the judgment were changed on appeal, the reversed judgment would no longer stand as a bar. To avoid any statute of limitations problem in the event this happens we affirm and remand with directions to hold the case pending any action in the New Mexico proceedings which might warrant Federal Court relief in Texas.

At this juncture, the Court's action was also correct on the malicious prosecution claim. The accepted principles require that the litigation which is the subject of such a claim be decided favorably to the malicious prosecution plaintiff. As stated above just the opposite occurred and until the New Mexico suit is significantly altered, Appellants have no right of recovery on the most liberal of readings of the complaint. It too, however, is a contingent matter and should be allowed to pend until the Trial Court can determine whether anything is left after the New Mexico appeal and litigation is concluded. Because what we have said here is based on the New Mexico judgment as it now stands, we do not suggest what action the Trial Judge should take if that judgment is altered. We do suggest, however, that he call for clearer, more precise pleadings and statements.

Affirmed and remanded.