ROBERTSON, Justice.
The appellant, Robert Leon Mangum, brought suit in the Circuit Court of Lafayette County, Mississippi, against appellees W. H. Jones, a justice of the peace; Hugh Phillips, a deputy sheriff who served process for Jones’s court; Riley C. Shankle, the operator of a Texgas Service Station near Oxford, Mississippi; and Texgas Oil Company, the owner of the service station.
The appellant alleged in his declaration that he charged three purchases of gasoline at Shankle’s service station on a Sinclair credit card. About two months later, an employee of the service station advised the appellant that the charges had been turned down by Texgas. Appellant asked the employee to send the charges through again. Some five months thereafter, appellant received word to report the' next day to the sheriff’s office. Appellant did so on the morning of May 2, 1968, and Deputy Sheriff Hugh Phillips sent Mangum to the office of W. H. Jones, a Justice of the Peace of Lafayette County.
Jones informed Mangum that the charges on a bad credit card were similar to giving a bad check. He told appellant that he would have to pay the $7.24 delinquent charges and $10 court costs. Mangum denied that he had given a bad check and refused to pay the $7.24 and court costs.
According to the declaration, Phillips told Jones: “Go on and do something about this because I don’t want to have to go looking for him again.” Thereupon Jones ordered Mangum incarcerated, and “Phillips locked Mangum in the jail and entered on the records that Mangum was being jailed for ‘bad debt.’ ” Mangum stayed in jail for four hours and was released by the jailer.
The declaration contained this general charge:
“Plaintiff charges each of the defendants with malicious prosecution by intentionally and knowingly using the criminal process to collect a civil debt, and false imprisonment.”
On motion of Appellant Mangum, the declaration was dismissed without prejudice as to Riley C. Shankle and Texgas Oil Company on March 10, 1969. Defendant Hugh Phillips thereupon filed a Motion to Dismiss as to him on March 12, 1969, and Defendant Jones on the same day filed a Notice of Nonjoinder of Necessary Parties and Motion to Dismiss. The circuit judge, still on March 12, 1969, entered separate Orders Sustaining the Motions to Dismiss filed by Phillips and Jones, but without prejudice.
The only assignment of error is that “The Court erred in sustaining the motions to dismiss of Justice of the Peace, W. H. Jones, and Deputy Sheriff, Hugh Phillips.”
Even though he did not say so, it is apparent that the circuit judge treated the motions to dismiss as demurrers. The question then arises as to whether the allegations of the declaration were sufficient to withstand demurrer.
Mangum charged in his declaration that Jones “knowingly and intentionally used the criminal process to collect a civil *743 debt and that he would gain financially thereby by collecting a ten dollar court fee. * * * ”
We said in State for Use & Benefit of Richardson v. Edgeworth, 214 So.2d 579 (Miss.1968):
“The two justices of the peace and their deputies committed intentional torts—the abuse of process. Its elements are that the defendants made an illegal, improper, perverted use of the process, they had an ulterior motive or purpose in doing so, and damages resulted to plaintiffs from the irregularities. * * ” 214 So.2d at 586.
We think that these three elements of the offense of abuse of process were sufficiently charged against Jones to withstand demurrer.
As to Phillips, Mangum charged in his declaration:
“[T]hat defendant Hugh Phillips told the Justice of the Peace to ‘do something about this’ and that Phillips locked Mangum in the County Jail and charged him with ‘bad debt.’ Plaintiff charges that defendant Hugh Phillips used the criminal process to collect a civil debt and that he falsely imprisoned plaintiff. ‡ >{c ‡ »
We do not think that these charges met the tests imposed in Richardson v. Edgeworth, supra, and that consequently, these allegations as to Phillips were not sufficient to withstand demurrer.
When a demurrer is sustained, the plaintiff may apply for leave to amend. Inasmuch as the court did not advise the appellant that the motion to dismiss was being considered as a demurrer, appellant was not afforded an opportunity to request leave to amend.
We hold that the court erred in sustaining the motion to dismiss of Jones but that the court was correct in sustaining the motion to dismiss of Phillips. Inasmuch as the court did not advise appellant that the motion to dismiss of Phillips was being treated and considered as a demurrer, we think that upon remand the court should afford appellant Mangum an opportunity to apply for leave to amend.
The judgment of the lower court is, therefore, reversed and this cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
All Justices concur, except ETHRIDGE, C. J., who took no part.