Bobby L. CHAIN et al., Plaintiffs,

v.

The INTERNATIONAL CITY BANK AND TRUST COMPANY, a corporation, and Hardy Street, Inc., a Louisiana Corporation, Defendants.

Bobby L. CHAIN et al., Plaintiffs,

v.

The INTERNATIONAL CITY BANK AND TRUST COMPANY, a corporation, et al., Defendants.

Civ. A. Nos. 71-1245, 71-1246.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Oct. 12, 1971.

464

M. M. Roberts, Francis T. Zachary, Hattiesburg, Miss., for plaintiffs.

Dudley W. Conner, Hattiesburg, Miss., Jacob J. Meyer, New Orleans, La., for defendants.

ALVIN B. RUBIN, District Judge:

Count 11 of the amended complaint and counterclaim contains a claim captioned:

"Counterclaim by the Defendants * * * against plaintiffs for damages on the ground of abuse of process and malicious prosecution."

The text of Count 11 recites that the plaintiffs "wilfully, maliciously and with intent to harass, damage, vex and annoy defendants, filed Civil Action No. 2510 on the docket of the United States District Court, Southern District of Mississippi, Hattiesburg Division, which is essentially the same action as the captioned actions, in an attempt to defeat the jurisdiction of this court and cause defendants to incur unnecessary attorney's fees and costs * * *." Then defendants filed a motion for a partial summary judgment as to Count 11.

Counsel for I.C.B. have, in effect, urged that this count contains notice of three separate torts: malicious prosecution, abuse of legal process, and repeated or vexatious litigation about the same matter. In determining whether or not a partial summary judgment may be granted, the court must discuss each separately.

## I. MALICIOUS PROSECUTION

Insofar as Count 11 asserts a claim for malicious prosecution, it is

clear that it cannot now be granted. There can be no judgment for damages for malicious prosecution until the civil action that forms the basis of the tort has been terminated in favor of the claimant. Prager v. El Paso Nat. Bank, 5 Cir. 1969, 417 F.2d 1111; Brown & Root, Inc. v. Big Rock Corp., 5 Cir. 1967, 383 F.2d 662; Kihneman v. Humble Oil & Refining Co., D.C.La., 312 F. Supp. 34 (1970).

## II.  ABUSE OF PROCESS

I.C.B. next asserts that it is entitled to summary judgment declaring that the mere institution of the third action constituted an abuse of process and hence a tort whether or not that action has been (or is ever) terminated in favor of the plaintiffs, and without regard to want of probable cause.

Since the alleged tort occurred in Mississippi, that state's law applies in this diversity case. It is clear that, in Mississippi, as indeed in most states, want of probable cause is an essential element of the action for malicious prosecution, but it is not necessary to establish want of probable cause to show abuse of legal process.

In Edmonds v. Delta Democrat Publishing Company, 1957, 230 Miss. 583, 93 So.2d 171, at 174, the Mississippi Supreme Court drew the distinction between a suit for malicious prosecution and one for abuse of process:

"In the [suit for malicious prosecution], these elements are essential: Malice, want of probable cause, and that the former proceedings have been determined. In the latter, these elements are essential: An ulterior purpose, and the perversion of the process after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it."

See also State for Use of Little v. United States Fidelity & Guaranty Co., 1953, 217 Miss. 576, 64 So.2d 697 at 704. (Justice of the Peace committed abuse of process with the ulterior pur-

pose of coercing the accused into paying a debt.)

Similarly in State for Use and Benefit of Richardson v. Edgeworth, Miss. S.Ct.1968, 214 So.2d 579, 586, the Court identified the elements of the suit for abuse of process as "an illegal, improper, perverted use of the process," and "an ulterior motive or purpose in doing so." (Justice of the Peace abused process by permitting criminal affidavits to be signed for purpose of collecting bad checks without advising affiants of the nature of the affidavits.) See also Mangum v. Jones, Miss.S.Ct.1970, 236 So.2d 741. (Justice of the Peace used criminal process to collect bad debt and profit financially thereby.)

Harper and James in their text, the Law of Torts, Volume I, § 4.9 at p. 330 et seq. make clear the nature of the wrong referred to as abuse of process or malicious abuse of process. It is done "[w]hen the actor employs legal process in a manner technically correct, but for a wrongful and malicious purpose to attain an unjustifiable end or an object which it was not the purpose of the particular process employed to effect." "The action," they point out, "is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather 'abuse' of process in connection therewith * * * [that is], for a perversion of legal process."

Thus, the gist of the wrong is to be found in the use to which the process is put. If it is employed for the purpose for which it was designed, that is, the redress of a legal wrong, the person who utilizes the legal process has committed no tort even though he may have had a vicious or vindictive motive. "But the moment he attempts to attain some collateral objective, outside the scope of the operation of the process employed, a tort is then consummated. The most common instance of the operation of this principle is an attempt to extort money from the persons subjected to the process." Id. at 331.

Ulterior purpose is, therefore, an indispensable element of the cause of action for abuse of process. "The purpose for which the process is used, once it is issued, is the only thing of importance." Prosser, Handbook of the Law of Torts, 876. "Typical of the cases where the action of abuse of process will lie," the Mississippi Supreme Court said in Edmonds v. Delta Democrat Publishing Co., *supra*, 93 So.2d at 175, "is where through the employment of process a man has been arrested or his property seized in order to extort payment of money from him, even though the claim be a just one other than in that suit, or to prevent a conveyance, or to compel him to give up possession of some thing of value, when such were not the legal objects of the suit."

One of the disputed factual issues in this case is whether, and to what degree, the plaintiffs sought to secure some ulterior purpose. Undoubtedly they sought to secure the relief sought on the face of their three complaints. But it is not now clear, indeed it is highly disputed, that they sought any other—any ulterior—purpose. Hence I.C.B. has failed to establish that it is entitled to a summary judgment for abuse of process.

### III. MULTIPLE SUITS

Relying upon Higgins v. California Prune & Apricot Growers, 2d Cir. 1922, 282 F. 550, I.C.B. asserts what might be called a claim for suing more than once on the same demand, or what might be called vexatious litigation.

In *Higgins*, the court granted an injunction against the bringing of three suits in California, one in State Court, and one in each of two federal districts, "in all of them upon the same identical transactions and for the same identical amount * * *." "The very evident and sole purpose must be to vex, annoy, and harass the defendants." Since "no attempt was made to justify or explain the bringing of these California suits, *and no denial was made of the fact that*

*they are vexatious and harassing,*" the prosecution of these suits was enjoined.

Here no injunction is sought, counsel for the plaintiffs vigorously assert that the third state court suit was filed in good faith, on their advice, and for what they deemed good tactical reasons. The issue of fact thus created cannot be summarily decided. For these reasons, the motion for partial summary judgment in Count 11 of the counterclaim is denied.