United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60978
Summary Calendar

_____

DEERE & CO.,

                                    Plaintiff-Appellant,

                    versus

EDWARD JOHNSON, JR., doing business as
F & E Farms; FIRST NATIONAL BANK OF
CLARKSDALE,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court for
the Northern District of Mississippi
(USDC No. 2:02-CV-15-P-A)
_____

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

     Deere & Company (Deere) appeals the district court judgment which granted

defendant Edward Johnson, Jr.'s motion to dismiss.  Deere sought to enjoin collection of

---

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

a state court judgment under the relitigation exception to the Anti-Injunction Act. We affirm for the following reasons:

1. The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The relitigation exception found in the last clause of the statute is not applied in doubtful cases. "We take the view that a complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in state court proceedings." S. Cal. Petroleum Corp. v. Harper, 273 F.2d 715, 719 (5th Cir. 1960). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).

2. The essential and undisputed order of events is as follows: (a) Deere filed suit against Johnson in federal court; (b) Johnson filed suit in state court against the Deere dealer who had sold Johnson the farm equipment in issue; (c) the state court suit proceeded to trial, and the state court entered a judgment in favor of Johnson for $90,000; (d) the Mississippi Supreme Court reversed the state court judgment in an unpublished decision; (e) despite Johnson's request for a continuance, the federal case proceeded to trial, resulting in a judgment in favor of Deere for about $35,000; (f) the Fifth Circuit

2

reversed the federal district court, and remanded with instructions to enter a take-nothing judgment, <u>Deere & Co. v. Johnson</u>, 271 F.3d 613 (5th Cir. 2001); and (g) the Mississippi Supreme Court, on a motion for rehearing, withdrew its earlier opinion and affirmed the state district court judgment, <u>Parker Tractor & Implement Co. v. Johnson</u>, 819 So.2d 1234 (Miss. 2002), thus allowing Johnson to recover lost profits for breach of warranty, <u>id.</u> at 1238-40.

3.  Generally, four requirements must be met for the relitigation exception to apply:

> First, the parties in a later action must be identical to (or at least in privity with) the parties in a prior action.  Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction.  Third, the prior action must have concluded with a final judgment on the merits.  Fourth, the same claim or cause of action must be involved in both suits.

<u>United States v. Shanbaum</u>, 10 F.3d 305, 310 (5th Cir. 1994).

4.  Assuming that the first element of identity of the parties is met, <u>but cf.</u> <u>Deere & Co.</u>, 271 F.3d at 616 n.1, we nevertheless harbor considerable "doubts as to the propriety of a federal injunction against state court proceedings," <u>Atlantic Coast Line</u>, <u>supra</u>.  The relitigation exception applies when the <u>prior</u> federal action concluded with a final judgment.  In the pending case, the state court suit proceeded to final judgment first.  The fact that an appeal of the state court judgment was still pending, and awaiting a ruling on a motion for rehearing, when the federal judgment was affirmed by the Fifth Circuit, does not mean that the federal court suit was the "prior action" for purposes of the relitigation exception.  The relitigation exception "is founded in the well-recognized concepts of res

3

judicata and collateral estoppel." <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 147 (1988) (italics omitted). For purposes of res judicata, a judgment is treated as final even if it is on appeal. <u>Prager v. El Paso Nat'l Bank</u>, 417 F.2d 1111, 1112 (5th Cir. 1969). In the pending case, the state court judgment preceded the federal court judgment.

5. Morever, Deere has not made "a strong and unequivocal showing of relitigation of the same issue," <u>Harper</u>, <u>supra</u>. On the contrary, the federal district court explained in ruling on the motion to dismiss that it did not permit the jury in the federal case to decide lost profits because of the first ruling by the Mississippi Supreme Court. The Mississippi Supreme Court, on rehearing, then issued the published decision cited above, allowing Johnson to recover lost profits. While the doctrine of res judicata might encompass claims which could have been brought in the federal action, the relitigation exception only applies to claims that were actually litigated and decided in the federal action. <u>See</u> <u>Tex. Commerce Bank Nat'l Ass'n v. Florida</u>, 138 F.3d 179, 182 (5th Cir. 1998). The only reasonable result in these circumstances is to hold, for purposes of the relitigation exception, that the issue of lost profits was not litigated in the federal suit. To hold otherwise would require a result that no court wants, by requiring the federal court in effect to enjoin the Mississippi Supreme Court from correcting itself, based on the federal court's reliance on the earlier, erroneous ruling by the Mississippi Supreme Court. Such a result would not further the interests of federalism or promote the institutional integrity of either the federal or the state courts. Exceptions found in the Anti-Injunction Act do not "qualify in any way the principles of equity, comity, and federalism that must restrain

4

a federal court when asked to enjoin a state court proceeding." <u>Mitchum v. Foster</u>, 407

U.S. 225, 243 (1972).

AFFIRMED.