See also 509 B.R. 843.

**IN RE: Dwayne BODRICK, Kimberly Bodrick, Debtors,**

**Dewayne M. Jennings, Plaintiff,**

v.

**Dwayne A. Bodrick, et al., Defendants.**

Case No. 14–56551
Adv. Pro. No. 14–2333

United States Bankruptcy Court,
S.D. Ohio, Eastern Division.

Signed July 17, 2015

Charles Eddie Smith, Jr., Columbus, OH, for Plaintiff.

Joseph M. Romano, Cleveland, OH, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

C. Kathryn Preston, United States Bankruptcy Judge

This case is uniquely postured. The Complaint (Doc. # 1) commencing this adversary proceeding seeks a determination of nondischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), and (a)(6). Dewayne M. Jennings ("Plaintiff") raised the exact same causes of action, plus an additional cause of action under § 523(a)(4), in a previous adversary proceeding, *Jennings v. Bodrick*, adversary no. 11–2162 (the "Previous Adversary"), arising in a previous Chapter 13 bankruptcy case commenced by Dwayne A. Bodrick ("Debtor") and his wife ("Mrs. Bodrick"), *In re Dwayne A. Bodrick and Kimberly Bodrick*, case no. 11–50090. The causes of action against Mrs. Bodrick in the Previous Adversary were dismissed as untimely. After a trial in the Previous Adversary as to Debtor before the Honorable Beth A. Buchanan, United States Bankruptcy Judge, the Court found that Plaintiff did not satisfy the elements of any provision of § 523(a)(2) or (a)(4), and held that the debt owed to Plaintiff by Debtor was dischargeable. *Jennings v. Bodrick (In re Bodrick)*, 509 B.R. 843 (Bankr.S.D.Ohio 2014) (the "Prior Opinion"). The Court further concluded that no cause of action to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) is available to a creditor in a Chapter 13 case, and therefore that claim was dismissed. *Id.* The Court

entered judgment in favor of Debtor on April 18, 2014. Order on Decision Finding Debt Dischargeable Pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6), *Jennings v. Bodrick (In re Bodrick)*, Adversary No. 11–2162 (Bankr. S.D.Ohio April 18, 2014), ECF No. 102 (the "Prior Judgment").

Plaintiff filed a motion for extension of time to appeal the Prior Judgment; however, before the Court ruled on the motion, the Chapter 13 case was dismissed. The Previous Adversary seemingly being rendered moot, the Court dismissed the Previous Adversary without deciding the motion for extension of time.

Debtor and Mrs. Bodrick have now sought relief under Chapter 7 of the Bankruptcy Code in a new bankruptcy case filed September 16, 2014. Plaintiff has instituted this adversary proceeding, again attempting to obtain a determination that the debt due him is nondischargeable. Debtor and Mrs. Bodrick have filed a Motion to Dismiss (Doc. # 9), asserting that a trial on the merits of the Complaint is precluded under the principles of collateral estoppel or *res judicata*. In response (see Doc. # 18), Plaintiff posits that, in light of the motion to extend the time to appeal pending at the time of dismissal of the prior bankruptcy case, the Prior Judgment was not final, and therefore collateral estoppel and *res judicata* do not apply.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(I).

## DISCUSSION

 Courts apply the doctrines of issue preclusion, traditionally called collateral estoppel,[1] and claim preclusion, also known as *res judicata*,[2] to prevent "relitigation of issues already litigated and determined by a valid and final judgment in another court." *HSSM # 7 Ltd. P'ship v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir.1996). This conserves judicial resources by minimizing repetitive litigation, protects parties from the cost and inconvenience of multiple lawsuits, and prevents inconsistent results. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The United States Supreme Court has held that issue preclusion principles are applicable to dischargeability proceedings in bankruptcy cases. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Although bankruptcy courts have exclusive jurisdiction to determine dischargeability issues, this "does not require the bankruptcy court to redetermine all the underlying facts" of the case if they were previously determined in an earlier lawsuit. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981).

 In dischargeability actions such as this one, the principle of issue preclusion is most frequently invoked when a

---

1. The United States Supreme Court has expressed a preference for use of the term "issue preclusion" over the term "collateral estoppel." *See Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 702–03 (6th Cir.1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Within this opinion, however, the terms are used interchangeably.

2. The terms claim preclusion and res judicata also may be used interchangeably.

state court has been the site of the prior litigation. When that is the case, that state's law on issue preclusion is applied. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir.1999). In this instance, however, the prior litigation took place in this Federal Court, Judge Buchanan presiding, on a federal issue, that being the dischargeability of certain debts under Title 11 of the United States Code. Thus, issue preclusion as interpreted under federal law is applied. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213–14 (6th Cir.1996); *Hauser v. Krupp Steel Producers, Inc.*, 761 F.2d 204, 207 (5th Cir.1985) ("[F]ederal law governs the collateral estoppel effect of an earlier federal judgment...."). *See also Allen v. McCurry*, 449 U.S. at 96, 101 S.Ct. 411. In order to successfully assert issue preclusion under federal law in a dischargeability action, a party must illustrate that: (1) the issue in the prior action and the issue in the instant case are identical; (2) the bankruptcy issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was necessary to the outcome of the prior case.[3] *Mitchell v. Mut. Life Ins. Co. of N.Y. (In re Mitchell)*, 1997 U.S.App. LEXIS 30416 *4 (6th Cir. 1997).

 "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citations omitted). When determining the preclusive effect of federal court judgments, courts may look to the common law or to the policies supporting the doctrine. *Id.* at 96, 101 S.Ct. 411. A claim is barred by claim preclusion if: (1) there has been a final decision on the merits by a court of competent jurisdiction; (2) the subsequent action is between the same parties or their privies; (3) the issue in the subsequent action was or should have been litigated in the prior action; and (4) there is identity between the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997). As the Supreme Court has noted, issue preclusion is a narrower concept than claim preclusion. "Whereas res judicata forecloses all that which *might have been* litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (emphasis added). *See also J.Z.G. Res., Inc.*, 84 F.3d at 214.

## (I) Claim Preclusion Mandates Dismissal of Plaintiffs Causes of Action Against Debtor Brought Under Section 523(a)(2).

 Plaintiff's first two causes of action in the instant adversary proceeding are brought under § 523(a)(2)(A) and (a)(2)(B). Plaintiff does not dispute that all of the elements of claim preclusion articulated above, save finality of the judgment, are met. The Complaint is almost identical to that filed in the Previous Adversary, and the dispute involved the identical parties. The first and second causes of action in the Complaint are exactly the same as, and are based on the same facts as the first two causes of action in the

**3.** The Eleventh Circuit requires a fourth element: "The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action." *HSSM # 7 Ltd. P'ship v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir.1996). Mutuality of parties or the privies used to be another requirement. However, mutuality is no longer necessary in some circumstances. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331–32, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Prior Adversary. The Prior Opinion followed a bench trial, before the Bankruptcy Court having jurisdiction, at which the matter was actually litigated and at which both parties were present and represented by counsel. The Court made specific findings of fact, indicating that those facts were either admitted or tried before the Court; neither party has claimed that the Court's findings were not necessary to the Prior Judgment entered against Plaintiff on the causes of action brought under § 523(a)(2).

 Plaintiff asserts, however, that the Prior Judgment was not final, inasmuch as he had moved to extend the time to appeal. Since the motion was never decided, he posits, his opportunity to appeal had not expired. But an appeal of an otherwise final judgment will not preclude application of the doctrines where the other requirements are met. *Klein v. Weidner (In re Weidner)*, 476 B.R. 873, 889 n. 22 (Bankr.E.D.Pa.2012). *See also Guion v. Sims (In re Sims)*, 479 B.R. 415, 421 (Bankr.S.D.Tex.2012). As explained in *Sims*: "[F]or purposes of collateral estoppel, a judgment may be final even though an appeal is pending or a lower court has yet to fully dispose of the matter from which the issue arises." *Sims*, 479 B.R. at 421–22 (citing *Prager v. El Paso Nat. Bank*, 417 F.2d 1111, 1112 (5th Cir.1969); *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986)). The Sixth Circuit Court of Appeals has also embraced this philosophy in the application of claim preclusion, observing:

> [I]t is well established that a final trial court judgment operates as res judicata while an appeal is pending. *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188–89, 61 S.Ct. 513, 85 L.Ed. 725 (1941); *Southern Pac. Communications Co. v. AT & T Co.*, 238 App. D.C. 340, 740 F.2d 1011, 1018

(D.C.Cir.1984); *Refior v. Lansing Drop Forge Co.*, 134 F.2d 894, 896 (6th Cir. 1943). See also [RESTATEMENT (SECOND) OF JUDGMENTS], § 13 cmt. f [ (1982) ]; 18 [CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE], § 4433, at 308, 311 [ (1981) ]; 1B [JAMES W. MOORE, MOORE'S FEDERAL PRACTICE], para. 0.416[3], at 521 [ (1991) ]. Nor does the preclusive effect of the [trial court's] determination depend upon the correctness of the decision, for even erroneous judgments are accorded res judicata effect. *Angel v. Bullington*, 330 U.S. 183, 187, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

*Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir.1992).

Thus, the principles of claim preclusion prohibit re-trial of the disputes between Plaintiff and Debtor. This result may seem harsh and violative of a party's rights to appeal, but Plaintiff is not without recourse. He may return to Judge Buchanan's court to request that the Prior Adversary be reopened, seek a ruling on his previously filed motion relating to an appeal, and pursue his rights to appeal, if any.

**(II) Neither Issue Preclusion nor Claim Preclusion Apply to Plaintiff's Cause of Action Against Debtor Brought Under Section 523(a)(6).**

 Plaintiff brings his last cause of action under § 523(a)(6). Section 523(a) of the Bankruptcy Code provides in pertinent part:

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity [.]

11 U.S.C. § 523(a)(6). Because the word "willful" in the statute modifies the word "injury," the United States Supreme Court has concluded that § 523(a)(6) requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "[T]he actor must intend 'the *consequences* of an act,' not simply 'the act itself.'" *Id.* at 61–62, 118 S.Ct. 974.

Willfulness is shown when it is demonstrated that the debtor either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result from his conduct. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999). *See also Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.2001). The focus is on the debtor's state of mind. The fact that the debtor *should* have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness. *Markowitz*, 190 F.3d at 465 n. 10. Similarly, damages arising from conduct which is reckless or negligent do not fall within the purview of § 523(a)(6). *Kawaauhau*, 523 U.S. at 59, 118 S.Ct. 974.

An act is "malicious" if it is undertaken "in conscious disregard of one's duties or without just cause or excuse." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986); *Cash Am. Fin. Servs. v. Fox (In re Fox)*, 370 B.R. 104, 119 (6th Cir. BAP 2007). "Malicious" acts do "not require ill-will or specific intent to do harm." *Wheeler*, 783 F.2d at 615; *Fox*, 370 B.R. at 119. The requirement of maliciousness is met when it is demonstrated that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes

injury, and (4) there is no just cause or excuse for the action. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir. 1991); *Jercich*, 238 F.3d at 1209.

Although the parties may have tried factual issues pertinent to an action under § 523(a)(6) in the Prior Adversary, the Court made no findings relative to a willful and malicious injury in the Prior Opinion. Rather, the Court correctly found that the complaint in the Prior Adversary failed to state a cause of action under § 523(a)(6) because an exception to the chapter 13 discharge does not exist for debt based on a willful and malicious injury. *See* 11 U.S.C. § 1328(a) ("[A]s soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts ... except any debt ... of the kind specified ... in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)[.]").

One of the criteria for application of issue preclusion is that the determination of the issue in the prior action was necessary to the outcome of the prior case. An issue is necessarily determined only if it is essential to the judgment. *Markowitz*, 190 F.3d at 462. None of the issues pertinent to an action under § 523(a)(6) were decided by the Court in the Prior Opinion. Similarly, one of the criteria for application of claim preclusion is that there has been a final decision on the merits of the prior action by a court of competent jurisdiction. After the trial in the Prior Adversary, the Court merely dismissed Plaintiff's claim brought under § 523(a)(6) as not stating a cause of action; the Court did not decide the merits of the claim.

Debtor has not illustrated that the merits of any issue pertaining to Plaintiff's current cause of action under § 523(a)(6) was determined in the Prior Opinion and

was necessary to the outcome of the Prior Adversary. Thus, neither issue preclusion nor claim preclusion apply to this prong of Plaintiff s Complaint.

**(III) Neither Issue Preclusion nor Claim Preclusion Apply to Plaintiffs Causes of Action Against Mrs. Bodrick; However the Complaint Fails to State a Cause of Action Against Her.**

█ The introductory paragraph of Plaintiff s Complaint names Mrs. Bodrick as a defendant, and the concluding paragraph seeks an order excepting from her discharge "debts owed to Plaintiff." The trial in the Previous Adversary was held only on claims against Debtor. The complaint against Mrs. Bodrick in the Previous Adversary was dismissed prior to trial, and thus, the merits of any claims against Mrs. Bodrick were not adjudicated. Accordingly, the decisions of the Court in the Previous Adversary hold no claim preclusion or issue preclusion effect in the current adversary proceeding.

█ However, the Complaint makes not one factual allegation against Mrs. Bodrick that could support a judgment of nondischargeability against her. In fact, her name is mentioned only in two paragraphs (other than the introductory paragraph and the request for relief): one explaining that she and Debtor filed the previous Chapter 13 case, and the other mentioning a bank account in her name. The Complaint could not withstand a motion to dismiss as to Mrs. Bodrick, even when viewing the facts alleged in the Complaint in a light most favorable to Plaintiff. Although the Motion to Dismiss does not seek dismissal of the Complaint against Mrs. Bodrick on these grounds, it serves no purpose to deny the Motion and proceed on the Complaint in its current form. Therefore, the Court will dismiss the Complaint as to Mrs. Bodrick, but allow Plaintiff an opportunity to amend it.

## CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

(1) The Motion to Dismiss Plaintiff's Complaint against Debtor is GRANTED as to the First Cause of Action and the Second Cause of Action set forth in Plaintiff's Complaint, and the First Cause of Action and the Second Cause of Action are dismissed as to Debtor.

(2) Plaintiff may seek to reopen the Prior Adversary, *Jennings v. Bodrick*, adversary no. 11–2162, in order to pursue his rights of appeal, if any, of the Prior Judgment.

(3) The Motion to Dismiss is DENIED as to the Third Cause of Action against Debtor set forth in Plaintiff's Complaint.

(4) Debtor shall file a response to the Third Cause of Action set forth in Plaintiff's Complaint (or to an amended complaint, if any is filed pursuant to paragraph 5 below) within the time period prescribed in the Federal Rules of Bankruptcy Procedure.

(5) Plaintiff's Complaint is dismissed as to Mrs. Bodrick. Plaintiff may file an amended complaint within 14 days of the date of entry of this Order. In the event Plaintiff fails to do so, this adversary proceeding shall stand dismissed as to Mrs. Bodrick.

IT IS SO ORDERED.