IN RE: Dwayne **BODRICK**, and Kimberly Bodrick, Debtors.

Dewayne M. Jennings, Plaintiff,

v.

Dwayne A. Bodrick, Defendant.

Case No. 14-56551
Adv. Pro. No. 14-2333

United States Bankruptcy Court,
S.D. Ohio, Eastern Division.

Signed September 19, 2016

Joseph M. Romano, Cleveland, OH, Lucas M. Ruffing, Rauser & Associates, Columbus, OH, for Debtor.

Charles Eddie Smith, Jr., Columbus, OH, for Plaintiff.

Michael Thomas Gunner, Isaac Wiles, Columbus, OH, for Defendant.

## OPINION AND ORDER DENYING PLAINTIFF DEWAYNE JENNINGS' MOTION FOR SUMMARY JUDGMENT

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for consideration of the Motion for Summary Judgment (Doc.

#50) (the "Motion"), filed by Dewayne M. Jennings ("Plaintiff"), and the amended response thereto (Doc. #52), filed by Dwayne A. Bodrick ("Defendant"). Pursuant to Rule 56 of the Federal Rules of Civil Procedure,[1] the Motion seeks summary judgment on Plaintiff's cause of action brought under 11 U.S.C. § 523(a)(6). For the reasons set forth below, the Court finds that Plaintiff's Motion must be denied.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## I. Factual and Procedural Background

Plaintiff filed the instant adversary proceeding against Defendant and Defendant's wife, Kimberly Bodrick ("Mrs. Bodrick"), on December 22, 2014. The complaint (Doc. #1) (the "Complaint") sought a determination that certain debt due Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), and (a)(6). Plaintiff asserted the exact same causes of action, plus an additional cause of action under § 523(a)(4), in a previous adversary proceeding before this Court, *Jennings v. Bodrick (In re Bodrick)*, adversary no. 11-2162 (the "Previous Adversary"), arising in a previous Chapter 13 bankruptcy case commenced by Defendant and Mrs. Bodrick, *In re Dwayne A. Bodrick and Kimberly Bodrick*, case no. 11-50090 (the "Previous Bankruptcy"). The causes of action against Mrs. Bodrick in the Previous Adversary were dis-

missed as untimely. After a trial on the merits in the Previous Adversary, before the Honorable Beth A. Buchanan, United States Bankruptcy Judge, the Court found that Plaintiff's evidence did not satisfy all of the elements of any provision of § 523(a)(2) or (a)(4), and held that the debt owed to Plaintiff by Debtor was dischargeable. *Jennings v. Bodrick (In re Bodrick)*, 509 B.R. 843 (Bankr. S.D. Ohio 2014) (the "Prior Opinion"). The Court further concluded that no cause of action to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) is available to a creditor in a Chapter 13 case, and therefore that claim was dismissed. *Id.* The Court entered judgment in favor of Debtor on April 18, 2014. The Previous Bankruptcy was dismissed on August 19, 2014.

Defendant and Mrs. Bodrick filed the present bankruptcy case under Chapter 7 of the Bankruptcy Code on September 16, 2014. Plaintiff timely filed the Complaint instituting this adversary proceeding, again seeking a determination that the debt due him is nondischargeable. Upon the motion of Defendant, the Court dismissed the causes of action brought under 11 U.S.C. § 523(a)(2)(A) and (a)(2)(B), finding that the doctrine of *res judicata* prohibited re-litigation of those claims. *Jennings v. Bodrick (In re Bodrick)*, 534 B.R. 738, 744 (Bankr. S.D. Ohio 2015). The Court also found that the Complaint failed to state a claim against Mrs. Bodrick and dismissed the Complaint as to her *in toto*.[2] *Id.* at 746.

The instant Motion now seeks summary judgment on Plaintiff's claim under 11 U.S.C. § 523(a)(6). In the Motion, Plaintiff

---

1. Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

2. The Court allowed Plaintiff an opportunity to amend the Complaint to state a claim against Mrs. Bodrick; however, he did not do so.

argues that Judge Buchanan's finding of fact in the Prior Opinion—that "Debtor intended to defraud Jennings"[3]—meets the elements required for a finding that the debt due Plaintiff is nondischargeable under § 523(a)(6). Plaintiff thus contends that there are no outstanding issues of material fact, and that he must prevail on his claim of nondischargeability as a matter of law.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must illustrate that the facts are not genuinely disputed by pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1). The party seeking summary judgment bears the initial burden of "informing the . . . court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also* Fed. R. Civ. P. 56(c)(3).

If the movant satisfies this burden, the nonmoving party may not rest on its pleading, but similarly must, by citation to particular parts of the record, demonstrate that a fact or facts are subject to dispute. Fed. R. Civ. P. 56(c)(1). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The Judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "When determining whether the evidence is sufficient, the trial court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury." *J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 n.19 (6th Cir. 1991) (citation omitted). Rather, the Court must deem as true the nonmovant's evidence and must view all justifiable inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has articulated the following analysis to undertake when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the . . . court . . . that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of

---

**3.** *Jennings v. Bodrick (In re Bodrick)*, 509 B.R. 843, 855 (Bankr. S.D. Ohio 2014).

a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir. 1996) (citation omitted).[4] But determinations of credibility, weight to be given the evidence, and inferences to be drawn from the facts remain the province of the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses ...." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, LTD. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir. 1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). *See also* Fed. R Civ. P. 56(f).

**III. Analysis**

**A. 11 U.S.C. § 523(a)(6)**

Because the overarching purpose of the Bankruptcy Code is to provide a fresh start to those in need of relief from the burden of their debt,[5] exceptions to discharge are to be strictly construed against the complaining party. *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert),* 141 F.3d 277, 281 (6th Cir. 1998). However, the relief provided by the Bankruptcy Code is intended only for the "honest but unfortunate" debtor and not to protect perpetrators of fraud or those who engage in egregious conduct. *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Section 523(a)(6) of the Bankruptcy Code provides, in pertinent part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

. . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a)(6). In analyzing the statute, the United States Supreme Court has concluded that because the word "willful" modifies the word "injury," § 523(a)(6) requires a "deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Thus, an intentional or deliberate act alone does not satisfy the requisites of willfulness and maliciousness under § 523(a)(6). "[T]he actor [must] intend 'the *consequences* of an act,' not simply 'the *act* itself.'" *Id.* at 61–62, 118 S.Ct.

4. Nonetheless, the Court is not required to "speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989).

5. *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

974 (citation omitted). The Sixth Circuit Court of Appeals has recognized that "[t]he willful and malicious standard is a stringent one[.]" *Steier v. Best (In re Best)*, 109 Fed.Appx. 1, 4 (6th Cir. 2004).

Willfulness is shown when it is demonstrated that the debtor either had a desire to cause the consequences of his act, or believed that injury was substantially certain to result from his conduct. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999) (the debtor "must will or desire harm, or believe injury is substantially certain to occur as a result of his behavior."). *See also Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001). "[I]n addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action." *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir. 2005) (quoting *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146 n.6 (9th Cir. 2002)), *amended by*, 2005 WL 843584 (9th Cir. Apr. 11, 2005). The focus is on the debtor's state of mind. The fact that the debtor *should* have known the consequences of his actions is not sufficient to satisfy the requirements of willfulness. *Markowitz*, 190 F.3d at 465 n.10.

Maliciousness is "conscious disregard of one's duties or without just cause or excuse[.]" *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986); *Cash Am. Fin. Servs. v. Fox (In re Fox)*, 370 B.R. 104, 119 (6th Cir. BAP 2007). Maliciousness does "not require ill-will or specific intent to do harm." *Wheeler*, 783 F.2d at 615; *Fox*, 370 B.R. at 119. The requirement of

maliciousness is met when it is demonstrated that (1) the debtor has committed a wrongful act, (2) the debtor undertook the act intentionally, (3) the act necessarily causes injury, and (4) there is no just cause or excuse for the action. *Jercich*, 238 F.3d at 1209. *See also Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir. 1991).

During the course of its analysis in the Prior Opinion, the Court stated: "Whether characterized as a false representation, false pretenses, or actual fraud, this Court concludes that the Debtor intended to defraud Jennings." *Jennings v. Bodrick (In re Bodrick)*, 509 B.R. 843, 855 (Bankr. S.D. Ohio 2014). Plaintiff asserts that such finding is sufficient to establish that the debt due him is for willful and malicious injury, thus rendering it nondischargeable pursuant to § 523(a)(6). However, prior to determining whether the Court's finding in the Prior Opinion is dispositive of the issue of dischargeability of the debt under § 523(a)(6), the Court must first determine whether such finding may be given preclusive effect in the instant adversary proceeding. Although the Motion fails to indicate the basis on which Plaintiff believes Judge Buchanan's finding may be given preclusive effect, it appears that the only potential basis for doing so is under the doctrine of collateral estoppel or issue preclusion.

### B. Issue Preclusion

The doctrine of issue preclusion, traditionally called collateral estoppel,[6] "forecloses relitigation of those issues of fact or law that were actually litigated and necessarily decided by a valid and final

---

**6.** The United States Supreme Court has expressed a preference for use of the term "issue preclusion" in place of the term "collateral estoppel." *See Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 702–03 (6th Cir. 1999) (citing

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Within this opinion, the terms may be used interchangeably.

judgment in a prior action between the parties (or their privies)[7], whether on the same or a different claim." 18 MOORE'S FEDERAL PRACTICE § 132.01 (3d ed. 2015). *See also HSSM #7 Ltd. P'ship v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir. 1996). This conserves judicial resources by minimizing repetitive litigation, protects parties from the cost and inconvenience of multiple lawsuits, and prevents inconsistent results. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The United States Supreme Court has held that issue preclusion principles are applicable to dischargeability proceedings in bankruptcy cases. *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Although bankruptcy courts have exclusive jurisdiction to determine dischargeability issues, this "does not require the bankruptcy court to redetermine all the underlying facts" of the case if they were previously determined in an earlier lawsuit. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981).

In dischargeability actions such as this one, the principle of issue preclusion is most frequently invoked when a state court has been the site of the prior litigation. When that is the case, that state's law on issue preclusion is applied. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 461 (6th Cir. 1990). In this instance, however, the prior litigation took place in this Federal Court, Judge Buchanan presiding, on a federal issue, that being the dischargeability of certain debts under Title 11 of the United States Code. Thus, issue preclusion as interpreted under federal law is applied. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213–14 (6th Cir. 1996); *Hauser v. Krupp Steel Producers, Inc.*, 761 F.2d 204, 207 (5th Cir. 1985) ("[F]ederal law governs the collateral estoppel effect of an earlier federal judgment . . . ."). *See also Allen*, 449 U.S. at 96, 101 S.Ct. 411. In order to successfully assert the doctrine of issue preclusion under federal law in a dischargeability action, a party must illustrate that: (1) the issue in the prior action and the issue in the instant case are identical; (2) the bankruptcy issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was necessary to the outcome of the prior case.[8] *Spilman*, 656 F.2d at 228.

The issue of fact to which Plaintiff asks this Court to give preclusive effect—that Defendant intended to defraud Plaintiff—is identical to the issue in the Previous Adversary, and was actually litigated in the Previous Adversary. However, upon review of Judge Buchanan's Prior Opinion, it is clear that such a determination was not necessary to the outcome of the Previous Adversary.

Judge Buchanan's finding in the Prior Opinion occurred during the Court's analysis of whether the debt due Plaintiff was nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code.[9] The Court ex-

---

7. Mutuality of the parties or their privies is no longer necessary in all circumstances. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327–28, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

8. The Eleventh Circuit requires a fourth element: "The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action." *HSSM #7 Ltd. P'ship v. Bilzerian (In re Bilzerian)*, 100 F.3d 886, 892 (11th Cir. 1996).

9. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement re-

plained the application of such section as follows:

> To except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Jennings v. Bodrick (In re Bodrick)*, 509 B.R. 843, 854–55 (Bankr. S.D. Ohio 2014) (citing *Rembert v. AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir.1998)). As stated above, the Court concluded that Defendant intended to defraud Plaintiff, but noted that the "pivotal issue" before it was "whether Jennings justifiably relied on the Debtor's false representation[s]." *Id.* at 855. The Court ultimately found that Plaintiff failed to prove that he justifiably relied on the misrepresentations made by Debtor and held that the debt due Plaintiff was not excepted from discharge under § 523(a)(2)(A). *Id.* at 857. Thus, the finding that Defendant intended to defraud Plaintiff in no way affected the Court's determination of dischargeability of the debt under § 523(a)(2)(A). This is confirmed in a footnote in the Prior Opinion, which states, in part: "Because this Court finds that Jennings has failed to prove justifiable reliance, ... it is not necessary for this Court to perform an extensive analysis of either Jennings' fraud claim or the Debtor's defense to the fraud claim." *Id.* at 855 n.9.

In the Previous Adversary, Plaintiff also asserted claims under 11 U.S.C. § 523(a)(2)(B), (a)(4), and (a)(6), and sought an award of attorney fees under § 523(d). In the Prior Opinion, the Court did not discuss its finding of Defendant's intent to defraud Plaintiff in its analysis under any of those sections, and, except with respect to Plaintiff's claim under § 523(a)(6),[10] judgment was entered in favor of Defendant on those claims on the basis that Plaintiff failed to prove at least one necessary element with respect to each claim. Accordingly, the finding of Defendant's intent to defraud was likewise not a necessary element to the Court's rulings with respect to § 523(a)(2)(B), (a)(4), (a)(6), and (d).

As the determination that Defendant intended to defraud Plaintiff was not necessary to the Court's ruling with respect to any of the causes of action asserted in the Previous Adversary, the doctrine of issue preclusion does not apply, and the Court has no basis for giving such finding preclusive effect in the instant adversary proceeding. Thus, because the only basis for summary judgment asserted in the Motion is that the finding in the Prior Opinion—that Defendant intended to defraud Plaintiff—satisfies the requirements of willful and malicious injury by Defendant to Plaintiff under § 523(a)(6), Plaintiff's Motion must be denied. The Court need not address whether the intent to defraud, in and of itself, is sufficient to render a debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## IV. Conclusion

For the foregoing reasons, the Court is unable to apply the doctrine of issue pre-

---

specting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2)(A).

**10.** As previously noted, judgment was not entered in favor of Defendant on Plaintiff's claim under § 523(a)(6); rather, such claim was dismissed because 11 U.S.C. § 523(a)(6) is not a basis to challenge dischargeability of debt in a Chapter 13 case.

clusion, and therefore, Plaintiff is not entitled to judgment as a matter of law. Accordingly, it is

**ORDERED and ADJUDGED** that the Motion for Summary Judgment (Doc. #50) is DENIED.

**IT IS SO ORDERED.**